NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3976
_____

UNITED STATES OF AMERICA

v.

ARCHIE PORTER CARBAUGH,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00354-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: August 13, 2013 )
_____

OPINION
_____

FISHER, *Circuit Judge*.

Archie Carbaugh appeals from his conviction and sentence for possession of an

unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  The U.S.

District Court for the Middle District of Pennsylvania sentenced Carbaugh to 36 months'

imprisonment followed by three years of supervised release after he pled guilty to the

offense.  Carbaugh's defense counsel has filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting leave to withdraw and asserting that Carbaugh has no nonfrivolous arguments on appeal.  For the following reasons, we will grant counsel's motion to withdraw, and we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

In 2004, Carbaugh was convicted of a domestic violence misdemeanor in Pennsylvania state court.  As a result of this conviction, Carbaugh was prohibited from possessing firearms.  In March 2011, Carbaugh was sentenced to probation for an unrelated traffic offense in the same court.  Thereafter, when the county probation officer visited Carbaugh, she observed a number of firearms inside his home.  Because the probation officer was aware of Carbaugh's previous conviction, she contacted the Pennsylvania State Police, who obtained a search warrant for his home.  On March 25, 2011, the police executed the search warrant and recovered 112 firearms.  One of the

firearms was an unregistered .22 caliber rifle having a barrel length of 6¼ inches and an overall length of 13 inches.[1]

On December 14, 2011, a grand jury returned a two-count indictment charging Carbaugh with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9). On March 26, 2012, Carbaugh entered into an agreement in which he pled guilty to Count One of the indictment – possession of an unregistered firearm. The parties further stipulated pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the applicable sentencing range would be 36 to 60 months' imprisonment. Without the plea agreement, Carbaugh would have potentially faced a Sentencing Guidelines range of 84 to 105 months' imprisonment.

On April 17, 2012, the District Court conducted a plea colloquy in which it explained to Carbaugh that he had a right to plead not guilty, a right to a jury trial, a right to appeal (directly and collaterally), and that he would give up his rights to trial and appeal if he pled guilty. After the government presented its evidence, Carbaugh agreed to the facts. When the District Court asked Carbaugh how he wished to plead to Count One of the indictment, he responded, "Guilty." App. at 53.

---

[1] Federal law defines a "firearm" to include "a rifle having a barrel or barrels of less than 16 inches in length," and "a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length." 26 U.S.C. § 5845(a)(3), (4). Individuals possessing "firearms" must register them in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5861(d).

On September 27, 2012, the District Court sentenced Carbaugh to 36 months' imprisonment followed by three years of supervised release. Carbaugh then filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

"Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." Third Circuit L.A.R. 109.2 (2011); *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). When counsel submits an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300.

## III.

Counsel's *Anders* brief identifies three potential issues on appeal: (1) whether there was sufficient evidence in the record to support a guilty plea; (2) whether there was a knowing and voluntary waiver of appellate rights; and (3) whether the potential shortcomings in the plea colloquy, including the District Court's failure to address Carbaugh's right to representation by counsel at trial, affected Carbaugh's substantial

4

rights.  Counsel asserts that Carbaugh has no nonfrivolous arguments pertaining to these issues.

We are satisfied that counsel has sufficiently reviewed the record for appealable issues, and we agree that there are no nonfrivolous issues on appeal.  With respect to the sufficiency of the evidence, the record shows that the evidence outlined in the plea colloquy covered all of the elements of the possession of an unregistered firearm offense: the police found in Carbaugh's home a .22 caliber rifle with a barrel length of 6¼ inches and an overall length of 13 inches; the characteristics of the rifle indicate that it was a firearm subject to the registration requirements of the National Firearms Act, 26 U.S.C. §§ 5801-5872; and Carbaugh did not register the rifle in the National Firearms Registration and Transfer Record.

It is also evident that Carbaugh knowingly and voluntarily waived his appellate rights.  During the plea colloquy, the District Court addressed Carbaugh, explained that he had a right to a jury trial, a right to plead not guilty, and that he would be waiving his appellate rights as a term of his plea agreement.  Counsel for Carbaugh also took time to address the waiver of these rights with Carbaugh on the record.  Carbaugh then agreed to the appellate waiver.

Finally, although the District Court may have erred under Rule 11(b)(1)(D) by failing to inform Carbaugh during the plea colloquy that he had a right to be represented by counsel at trial and at every other stage of the proceeding, this error was not brought to

5

the District Court's attention. When an error is raised for the first time on appeal, we review for plain error and ask whether the error affected the defendant's "substantial rights." Fed. R. Crim. P. 52(b). A Rule 11 error affects substantial rights when the defendant can "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). In essence, the defendant must show "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks omitted).

Here, we are confident that the outcome of the proceeding was not affected by the Rule 11 error. When the record reveals significant evidence of guilt, as this record does, "one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial." *Id.* at 85. Given the incriminating evidence presented by the government, the District Court's almost complete recitation of Carbaugh's pertinent rights, the fact that Carbaugh was represented by counsel during the hearing, and the fact that Carbaugh faced a sentencing range of 84 to 105 months' imprisonment if he did not enter into the agreement, we cannot see how the District Court's oversight could have had any effect on Carbaugh's assessment of his strategic position.

IV.

We will grant counsel's motion to withdraw, and we will affirm the District

Court's judgment of conviction and sentencing order.